690 P.2d 1338

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Kelly Brian WILSON and David Zynn Wilson, Defendants,**

and

**David Zynn Wilson, Defendant-Appellant.**

**No. 15376.**

Supreme Court of Idaho.

Nov. 5, 1984.

James Morfitt, Caldwell, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is a review of a decision of the Court of Appeals. *See State v. David Wilson,* 105 Idaho 669, 672 P.2d 237 (Idaho App.1983). The central issue presented here is the holding of the Court of Appeals that a fixed term sentence of ten years or more but less than life is a sentencing alternative for the crime of first degree murder. We disagree with that holding, and hence we reverse.

The facts of the case are set out in the opinion of the Court of Appeals, and it is sufficient here to state only that David Wilson, with his brother Kelly Wilson, committed a grocery store robbery, during which Kelly Wilson shot and killed the owner of the store. Both defendants pleaded guilty to first degree murder, robbery, and the use of a firearm in those crimes. Those guilty pleas were accepted and each defendant was sentenced to a fixed life term for murder, a concurrent indeterminate life sentence for robbery, and a consecutive indeterminate three-year period of incarceration for use of the firearm.

An appeal was taken by the defendants, who urged that the record demonstrated (through the post-conviction actions of the trial judge) that the trial judge imposed the sentences under the belief that the only alternative sentences for the convictions of first degree murder were death and a life sentence. Appellants urged to the Court of Appeals that an authorized alternative for the convictions of first degree murder was a sentence for a fixed term of years less than life.

The Court of Appeals agreed with the contentions of appellants, and it vacated the sentences imposed by the district court, reasoning that since the trial judge had not correctly perceived his sentencing options, he had not given adequate consideration to every appropriate sentence. The State petitioned for, and this Court granted, review of the decision of the Court of Appeals.

■ Prior to 1977, the single possible sentence upon conviction for first degree murder was death. In 1977, the legislature

amended I.C. § 18–4004 to provide that "every person guilty of murder of the first degree shall be punished by death or by imprisonment for life." I.C. § 18–4004 appears clear and unambiguous in its mandate of the sentence to be imposed upon a conviction of first degree murder, *i.e.*, death or life imprisonment. It would seem that the only question which could logically arise is whether the term "imprisonment for life" could be deemed to permit an indeterminate sentence of life. The Court of Appeals held that "an indeterminate life sentence is available for first degree murder." We agree with that holding of the Court of Appeals.

The Court of Appeals, however, went further and held that I.C. § 18–4004 had to be interpreted in the light of I.C. § 19–2513A and I.C. § 20–223.

Prior to 1977, a court sentencing for a felony conviction, with certain exceptions, was required to impose an "indeterminate" sentence. I.C. § 20–223 provides that no person serving an indeterminate life sentence may be released on parole by the state board of correction until he has served at least ten years.

In 1977, the legislature enacted I.C. § 19–2513A, giving the sentencing judge an alternative to the indeterminate sentence provisions of I.C. § 19–2513. I.C. § 19–2513A provides:

> "As an alternative to an indeterminate sentence for any person convicted of a felony, the court, in its discretion, may sentence the offender to the custody of the state board of correction for a fixed period of time of not less than two (2) years and not more than the maximum provided by law for said felony."

The Court of Appeals reasoned that I.C. § 18–4004 must be viewed as modified by I.C. § 19–2513A, and as so modified, permits a sentence for first degree murder for a determinate or fixed period of years less than life. We disagree. The Court of Appeals stated:

> "Although section 19–2513A, viewed in isolation, would seem to authorize a sentence for any term of two or more years

in any felony case, such an isolated view would disregard I.C. § 18–4004. As noted above, these statutes are *in pari materia* and must be harmonized with each other. An indeterminate life sentence is available for first degree murder under sections 18–4004 and 19–2513. Such a sentence requires an inmate to be confined for a term not less than the minimum period prescribed by I.C. § 20–223, which is presently ten years. We believe that section 19–2513A can be applied harmoniously with section 18–4004, in a first degree murder case, if the fixed sentence prescribes confinement for a term which is not less than would be required for an indeterminate life sentence under I.C. § 20–223. Therefore, under the present language of the statutes, a fixed term sentence for first degree murder may range from ten years to natural life." 105 Idaho at 675, 672 P.2d at 243.

I.C. § 18–4004 is within Title 18 of the Idaho Code, entitled "Crimes and Punishments." This title contains definitions of conduct which is proscribed as criminal and unlawful, and it also sets forth the range of punishment which may be imposed upon one convicted of any of those crimes. I.C. § 19–2513A, on the other hand, is contained in Title 19 of the Idaho Code, entitled "Criminal Procedure," and does not purport to set out specific penalties for specific crimes.

■ I.C. § 18–4004 sets forth the specific penalties, *i.e.*, death or life imprisonment for a specific crime, *i.e.*, first degree murder. Where two statutes deal with the same subject matter, the more specific will prevail. *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *Mickelsen v. City of Rexburg*, 101 Idaho 305, 612 P.2d 542 (1980); *State v. Roderick*, 85 Idaho 80, 375 P.2d 1005 (1962).

■ We agree that one convicted of first degree murder may be sentenced to an indeterminate life sentence. We further agree that if the sentence is for indeterminate life, I.C. § 20–223, setting forth pow-

ers of the state board of correction, prohibits release on parole until ten years have been served. Nevertheless, we hold that a sentence for a fixed term of ten years is in no sense of the phrase a life sentence. I.C. § 18–4004 unequivocally requires, upon conviction of first degree murder, punishment of death or a life sentence. We agree with the reasoning of Judge Swanstrom in dissent to the opinion of the Court of Appeals, 105 Idaho at 677, 672 P.2d at 245:

"By its 1977 amendment to I.C. § 18–4004, the Legislature said that a person guilty of first degree murder 'shall be punished by death or by imprisonment for life.' This mandatory language is plain and direct. It deserves to be given literal treatment if the result is reasonable and in harmony with other statutory provisions on the subject. *State ex rel. Evans v. Click*, 102 Idaho 443, 631 P.2d 614 (1981); *Sampson v. Layton*, 86 Idaho 453, 387 P.2d 883 (1963). It means simply that, if imprisonment is to be the punishment, the sentence must be for life. It may be either a fixed or indeterminate life sentence. With an indeterminate life sentence, other statutes come into play which define parole eligibility and give the commission of pardons and paroles the authority to determine the actual length of confinement. Those statutes have little or no applicability to a fixed sentence and we need not look to those statutes to determine the meaning of a fixed sentence."

It is asserted by defendant that the trial court erred in the length of the sentence imposed. Defendant contends that a determinate fixed life sentence is imprecise, indefinite, indeterminate, impermissible, and "anything but fixed or determined." We disagree. As the Court of Appeals stated, 105 Idaho 676, 672 P.2d 244, "Although the duration of one's life may not be fixed or determined at the time sentence is imposed, this does not mean that a fixed life sentence has an uncertain meaning. The custodial responsibility of the Board, and the deprivation of the prisoner's liberty, are as fixed and determined by such a sentence as any court can make them."

Defendant next argues that the sentencing judge did not give proper consideration to the mitigating circumstances, and thus imposed too harsh a sentence. We disagree. The trial court held a lengthy sentencing hearing and took all relevant evidence in aggravation and mitigation. We have repeatedly held that the sentencing judge is given broad discretion within statutory guidelines to design the appropriate sentence in any given case. *State v. McPhie*, 104 Idaho 652, 662 P.2d 233 (1983); *State v. Delin*, 102 Idaho 151, 627 P.2d 330 (1981). We find no abuse of discretion.

The decision of the Court of Appeals, vacating the sentence imposed by the district judge on the basis that a fixed term of years less than life is an alternative sentence for first degree murder, is reversed and the sentences imposed by the trial court are reinstated. In all other respects, the decision of the Court of Appeals is affirmed. No costs or attorney's fees on appeal.

DONALDSON, C.J., and BAKES and HUNTLEY, JJ., concur.

BISTLINE, Justice, dissenting.

Measured against the Court of Appeals' analysis, the opinion for this Court is not persuasive. Accordingly, my vote is to affirm *State v. Wilson*, 105 Idaho 669, 672 P.2d 237 (Ct.App.1983), and for the reasons stated therein. Where this Court is unable to agree with the Court of Appeals, it is noted that the confusion created by the statutes in question should be resolved by the legislature.