835 P.2d 1371

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Thomas Lee SMITH, Defendant–Appellant.**

**No. 19528.**

Court of Appeals of Idaho.

Aug. 7, 1992.

Daniel P. Featherston, Sandpoint, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Michael J. Kane, Chief, Criminal Div., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Thomas Smith pled guilty to first degree kidnapping (I.C. § 18-4502) and to custodial interference (I.C. § 18-4506) in exchange for the state's dismissal of four counts of lewd and lascivious conduct with a minor. Smith received a unified sentence of eighteen years, with six years fixed on the kidnapping charge, and a concurrent unified term of thirty-six months, with fifteen months fixed on the custodial interference charge. Smith appeals, contending that his sentences are excessive. We affirm.

The facts reveal that at the time of the offenses, Smith was forty-five years old. He became involved with a fourteen-year old girl and the two eventually had sexual relations. Smith had befriended the girl's parents and led them to believe that they could trust him. In November, 1990, Smith and the young girl, accompanied by the girl's sixteen-year old sister and her seventeen-year old boyfriend, left Idaho and drove to Texas. Smith falsely informed the boyfriend that he was in danger of being harmed by the girls' father, and thus he and the girl's sister should accompany Smith and the girl. Smith had apparently proposed marriage and given an engagement ring to the girl. Smith also apparently had convinced the three minors that he was a wealthy man and would help take care of them. The girl willingly participated in sexual relations with Smith, and all three minors willingly traveled to Texas with him.

We note first of all that Smith's eighteen-year sentence did not comply with the statutorily required penalty for first degree kidnapping. Idaho Code § 18-4504(1) states:

> Every person guilty of kidnapping in the first degree shall suffer death or be punished by imprisonment in the state prison for life, provided, that the sentence of death shall not be imposed if prior to its imposition the kidnapped person has been liberated unharmed.

Under the facts of this case the death penalty was not applicable, but the statute required a unified sentence of life imprisonment with some minimum period of confinement to be set by the court as determined by its discretion. I.C. § 19-2513. *See, e.g., State v. Nellsch,* 110 Idaho 594, 716 P.2d 1366 (Ct.App.1986) (a case pre-

dating the Unified Sentencing Act, *citing State v. Wilson,* 107 Idaho 506, 690 P.2d 1338 (1984)). *See also* I.C. §§ 18-106, 107.

The state has not—and certainly Smith has not—raised any issue in this appeal that the sentence was less than the sentence authorized by statute. Even if the state had raised this issue on appeal, however, we would be unable to address it. Although we remanded *Nellsch* for resentencing when presented with this identical issue, we are now constrained to follow the rule set forth by our Supreme Court in *State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991), and followed in *State v. Lavy,* 121 Idaho 842, 828 P.2d 871 (1992) (we will not address the illegality of a sentence when the issue has not been presented to the district court). *See State v. Hernandez,* 122 Idaho 227, 832 P.2d 1162 (Ct.App. 1992).

Smith contends that his sentences are excessive and that the district court should have retained jurisdiction over him, thus allowing him an opportunity to be placed in the sexual offender program and be further evaluated. Smith also argues that his sentence is excessive in light of the voluntary participation in the events exhibited by the girls and because the girls' family appears to be functioning more harmoniously than it did immediately after their return from Texas, as evidenced by a social worker's letter contained in the presentence investigation report (PSI). Smith contends that the letter describing the family's progress exhibited in counseling sessions shows that the girls did not suffer any long term psychological harm from the events.

We treat the fixed portion of Smith's sentence as the term of confinement for purposes of our sentence review. *State v. Kysar,* 116 Idaho 992, 999, 783 P.2d 859, 866 (1989). Smith must prove that his sentence is unreasonable and therefore that the district court clearly abused its discretion. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992).

Where reasonable minds may differ regarding the proper length of a sentence, the sentence will not be overturned. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In *Toohill,* we defined reasonable as follows:

> a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

*Toohill,* at 568, 650 P.2d at 710. We independently review a sentence imposed in light of the nature of the offense and the defendant's character. *State v. Shideler,* 103 Idaho 593, 651 P.2d 527 (1982).

Although the nature of these offenses may not be as heinous as a violent forceful kidnapping, the offenses are serious. Smith manipulated a young girl and her parents, gaining their trust in order to further his selfish desires. His deceitful pampering of a fourteen-year old girl and false promises of a happy, wealthy lifestyle in Jamaica helped to erode the bonds between her and her parents which often are strained during the teenage years.

Although Smith does not have an extensive criminal record, his character is not sterling. The PSI shows that Smith has been convicted of obtaining aid by fraud, writing an insufficient fund check and two minor traffic violations. Smith has also had larceny by false pretext and perjury charges dismissed. The presentence investigator indicated that the majority of the information Smith gave her in the interview was untrue. One of Smith's former wives and his brother stated that Smith is a compulsive liar. Smith had psychological problems while in the U.S. Army, and he has received counseling twice since his discharge. A psychological evaluation of Smith revealed that he did not express much remorse for the crimes, although he apparently felt some, and that he tried to justify his actions. Additionally, a former wife and two step-daughters indicated that Smith had sexually abused minors in the past, and had sexual relations with a step-daughter over the age of eighteen. Essentially all of the people contacted in prepara-

tion of the PSI, including relatives, friends and employers, gave unfavorable information discrediting Smith's character.

The district court declined to retain jurisdiction relying upon Smith's past record of fraudulent and manipulative conduct, as well as the nature of the manipulative offenses committed upon a minor, involving lewd and lascivious behavior. The court noted that Smith needs treatment, but stated that such treatment will have to come later. Smith has not demonstrated that the sentences are excessive.

Accordingly, we affirm.