IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 39877

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **Boise, September 2013 Term** |
| **Plaintiff-Appellant,** | ) | |
| | ) | **2014 Opinion No. 40** |
| v. | ) | |
| | ) | **Filed: March 28, 2014** |
| **CAREY MITCHELL BAKER,** | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| **Defendant-Respondent.** | ) | |
| | ) | |
| _____ | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Carl B. Kerrick, District Judge.

The decision of the district court is <u>affirmed</u>.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for Appellant. Lori Anne Fleming argued.

Kootenai County Public Defender's Office, Coeur d'Alene, attorneys for Respondent. Jay Logsdon argued.

_____

SCHROEDER, J. *pro tem*

## I.

### NATURE OF THE CASE

The State of Idaho appeals an order of the district court sitting in its intermediate appellate capacity. The magistrate court denied the defendant, Carey Mitchell Baker's ("Baker"), motion to dismiss eleven counts of violating a civil protection order. The district court ordered Baker's judgments on those counts vacated.

## II.

### FACTUAL AND PROCEDURAL BACKGROUND

Baker married Robyn Shea ("Shea") in 2005. They divorced in 2009. On March 4, 2009, Shea sought and obtained a civil protection order against Baker. Between May 26, 2009, and September 17, 2009, Shea received a series of phone messages from Baker in violation of the protection order. Eleven of those phone messages were received by Shea while she was located

1

in Kootenai County, and one of the messages was received by Shea while she was located in Ada County.

On September 10, 2009, the Boise City Attorney, acting on behalf of the City of Meridian filed a misdemeanor complaint against Baker for one count of violating the protection order for the phone message Shea received while in Ada County on August 24, 2009. On December 7, 2009, the Coeur d'Alene City Attorney in Kootenai County filed charges against Baker for twelve counts of violating the protection order for all of the phone messages that Shea received from Baker. Kootenai County also issued an arrest warrant on the same day. Neither the Boise City Attorney nor Baker was aware of the Kootenai County charges until April 2, 2010.

On February 27, 2010, Baker entered into a plea agreement with the Boise City prosecutor. Baker agreed to plead guilty to the single count filed in Ada County in exchange for the promise that "the State" would pursue no other charges against him for violation of the protection order for calls Baker placed to Shea prior to February 17, 2010. At sentencing, the magistrate judge considered all twelve phone messages that Shea received from Baker. This included the messages that were the basis of the charges in Kootenai County. The Boise City Attorney was aware of the phone calls to Kootenai County but unaware charges had been filed. Likewise, the Coeur d'Alene City Attorney was not aware of the proceeding in Ada County.

On April 2, 2010, Baker was arrested on the warrant issued in Kootenai County. On October 8, 2010, Baker filed a motion to dismiss the charges in Kootenai County claiming double jeopardy and violation of the plea agreement. On November 5, 2010, the magistrate judge dismissed one count of the charges in Kootenai County because that charge was for the August 24, 2009, phone message to which Baker pled guilty in Ada County. The magistrate judge denied Baker's motion to dismiss the remaining eleven counts. A jury ultimately found Baker guilty on all eleven counts of violating the protection order.

Baker appealed to the district court in its capacity as an intermediate appellate court, asserting that the Coeur d'Alene City Attorney was bound by the plea agreement between him and the Boise City prosecutor. The district court vacated the convictions in Kootenai County on the basis that the Coeur d'Alene City Attorney was bound by the terms of Baker's plea agreement. The district court ruled that the plea agreement must be construed in favor of Baker and that specific performance of the plea agreement was the appropriate remedy. The State appealed.

## III.

### ISSUE ON APPEAL

Whether the charges against Baker in Kootenai County were barred by the plea agreement Baker entered into with the Boise City Attorney and whether specific performance of the plea agreement was the appropriate remedy.

## IV.

### STANDARD OF REVIEW

On review of a decision of the district court sitting in its appellate capacity, the Supreme Court will directly review the district court's decision to determine whether it correctly decided the issues presented to it on appeal. *Idaho Dep't of Health & Welfare v. Doe*, 148 Idaho 124, 126, 219 P.3d 448, 450 (2009). This Court discussed the standard to be applied when reviewing a plea agreement in *State v. Peterson*, 148 Idaho 593, 226 P.3d 535 (2010):

> [W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. Whether a plea agreement has been breached is a question of law to be reviewed by this Court de novo, in accordance with contract law standards . . . .
>
> In determining whether the State has breached a plea agreement a court must examine the language of the plea agreement, and where the language of that plea agreement is ambiguous, those ambiguities shall be resolved in favor of the defendant. The burden of proving the existence of a contract and the fact of its breach is upon the plaintiff . . . .
>
> The determination that a plea agreement is ambiguous is a question of law; however, interpretation of an ambiguous term is a question of fact. Factual determinations made by a trial court shall not be set aside on review unless they are clearly erroneous.

*Id.* at 595, 226 P.3d at 537 (internal citations and quotations omitted).

## V.

### THE DISTRICT COURT DID NOT ERR IN VACATING BAKER'S CONVICTION ON THE ELEVEN CHARGES OF VIOLATING A NO CONTACT ORDER FILED AGAINST HIM IN KOOTENAI COUNTY.

The district court held that the actions of the Boise City Attorney could limit the actions of the Coeur d'Alene City Attorney when venue for prosecution was proper in either Ada or Kootenai County. The district court ruled that it was possible for a prosecutor in one county to bind a prosecutor in another county because of the importance of the plea bargaining process to our system of justice, noting that Idaho courts have held that a plea agreement can bind multiple prosecutors in the same office, and that law enforcement officers are likewise bound by a plea

agreement when they are acting as agents of the state. The district court held these principles of law were consistent with authority from other jurisdictions holding that the actions of prosecutors in one jurisdiction can be binding on prosecutors in another jurisdiction.

Idaho Code § 50-208A(2) provides:

> The city attorney, his deputies, or contract counsel shall prosecute those violations of county or city ordinances, state traffic infractions, and state misdemeanors committed within the municipal limits. In so doing, the city attorney, his deputies, or contract counsel shall exercise the same powers as the county prosecutor including, but not limited to, granting immunity to witnesses.

"A criminal action is prosecuted in the name of the State of Idaho, as a party, against the person charged with the offense." I.C. § 19-104. A prosecutor is obligated to represent the people of the State of Idaho in criminal proceedings. *State v. Lampien*, 148 Idaho 367, 378, 223 P.3d 750, 761 (2009) (citing I.C. § 31-2604). One of a prosecutor's duties is

> [t]o prosecute or defend all actions . . . in the district court of his county in which the people, or the state, or the county, are interested or are a party; and when the place of trial is changed in any such action or proceeding to another county, he must prosecute or defend the same in such other county.

I.C. § 31-2604. "So long as the prosecution proves that the crime occurred within the state of Idaho, the precise location of the crime within any particular county in Idaho is not required as an element to establish that a crime has been committed . . . ." *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996). The prosecution of an offense shall be in the county where the alleged offense was committed. I.C.R. 19. Where an offense is committed in two or more counties, the venue is in either county. I.C. § 19-304(1). If venue cannot be determined the proper venue is Ada County. I.C. § 19-304(3). As noted by the district court, venue for the charges involved in this case was proper in either Ada or Kootenai County.

Whether the actions of a prosecutor in one county can preclude a prosecutor of another county from pursuing charges is an issue of first impression in Idaho, but other jurisdictions have addressed similar issues. The Missouri Court of Appeals has held that where the State enters a plea agreement with a defendant that rests on a promise of the prosecutor, that promise binds every other prosecutor in the State. *State v. Burson*, 698 S.W.2d 557, 559 (Mo. Ct. App. 1985) ("when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"). The Florida Supreme Court held that a plea agreement is breached "if any representative of the government fails to honor a plea bargain agreement entered into between the state and the

4

defense, particularly if it influences a consequence not contemplated by the agreement." *Lee v. State*, 501 So.2d 591, 593 (Fla. 1987) (basing decision on principle that a Florida prosecutor represents the state under Florida Rule of Criminal Procedure 3.171). The Washington Court of Appeals opined that a plea agreement binds the State of Washington government as a whole where the party entering the plea agreement acted as an agent of the State of Washington. *State v. Harris*, 6 P.3d 1218, 1225 (Wash. Ct. App. 2000). In *Harris*, the Washington Court of Appeals held that a community corrections officer did not violate a plea agreement because the community corrections officer does not

> act[ ] as an agent of the State of Washington but on behalf of the independent judiciary. Because the [community corrections officer] is not functioning as the State's agent . . . the DOC is not a party to the plea agreement entered into by the prosecutor's officer and is not bound by it.

*Id.*

Federal Courts hold that absent an express limitation on agencies the government's obligations shall apply. A plea agreement entered into on behalf of the government binds the government as a whole. *Allen v. Hadden*, 57 F.3d 1529, 1535–36 (10th Cir. 1995); *United States v. Harvey*, 791 F.2d 292, 303 (4th Cir. 1986). The Fourth Circuit also noted that the government is bound in one district by the terms of a plea agreement entered in another district. *United States v. Carter*, 454 F.2d 426 (4th Cir. 1972).

Jurisdictions that have taken a narrower view of the scope to which a plea agreement will bind the whole state government have held that a plea agreement will nonetheless bind the prosecutorial branch of the state government. *See Montan v. Milinovich*, 812 P.2d 338, 340 (Mont. 1991) (overruled on other grounds by *State v. Deserly*, 188 P.3d 1057 (Mont. 2008) (overruled by *State v. Brinson*, 210 P.3d 164 (Mont. 2009)) (holding by a narrow majority that a plea agreement is not breached when a probation officer recommends a sentence different from that contained in a plea agreement because a probation officer is not the equivalent of a prosecutor); *Arizona v. Rogel*, 568 P.2d 421, 423 (1977) (holding that the use of the phrase "the State" in a plea agreement manifests "the parties' mutual intent to use that term in referring only to the prosecutorial branch of the State"); *Utah v. Thurston*, 781 P.2d 1296, 1300 (Utah Ct. App. 1989) (holding that only prosecutors are bound by the prosecutor's plea bargain).

The plea agreement entered into by the City Attorney in Ada County is binding on the Coeur d'Alene City Attorney. Both the City Attorney in Ada County and the Coeur d'Alene City

Attorney are in this instance members of the prosecutorial branch of the State of Idaho and are agents of the State of Idaho. Their authority is derived from state statutes and their cases are prosecuted in the name of the State of Idaho.

The State maintains that the plea agreement between Baker and the Boise City Attorney cannot extend to the Coeur d'Alene City Attorney because the City Attorney in Ada County had no actual authority to exercise its prosecutorial authority beyond Ada County. The State also argues that the City Attorney in Ada County had no apparent authority to enter the plea agreement on behalf of the City Attorney in Kootenai County because the Boise City Attorney did not represent that it was acting as the agent of Kootenai County.

Neither Ada County nor Kootenai County was a party to the charges against Baker. It was the State of Idaho that was the party, with the prosecutors acting as the agents of the State of Idaho. The Boise City Attorney had the authority to enter into a plea agreement with Baker. Exercising authority granted by state statute, the Boise City Attorney was acting on behalf of the State. Having the authority to act on the particular charges at issue in this case, that action binds other prosecutors who could also act on behalf of the state on the same charges. The authority to bind another prosecutor requires that the bargaining prosecutor have the authority to prosecute the charge being bargained away or otherwise affected, precluding, for example, a city attorney from bargaining away a felony or a misdemeanor charge beyond the venue in which the charge could be filed. Clarity in the plea agreement itself is paramount to avoid conflicts such as exists in this case.

*1.    The plea agreement binds Kootenai County.*

The district court found that the plea agreement was ambiguous because it failed to delineate what the prosecutor in Ada County meant by "the State." The district court determined that the ambiguity must be construed in favor of Baker, and the only appropriate remedy is specific performance.

The interpretation of a plea agreement is measured by contract law standards. *State v. Cope*, 142 Idaho 492, 495, 129 P.3d 1241, 1244 (2006). "The determination that a plea agreement is ambiguous is a question of law; however, interpretation of an ambiguous term is a question of fact." *State v. Peterson*, 148 Idaho 593, 595, 226 P.3d 535, 537 (2010). In determining whether a plea agreement is ambiguous the question for this Court is "whether the contract is reasonably subject to conflicting interpretation." *State v. Gomez*, 153 Idaho 253, 257,

6

281 P.3d 90, 94 (2012). "As with other contracts, provisions of plea agreements are occasionally ambiguous, the government ordinarily must bear responsibility for any lack of clarity." *Peterson*, 148 Idaho at 596, 226 P.3d at 538 (quoting *United States v. De la Fuente*, 8 F.3d 1333, 1338 (9th Cir. 1993)). "Focusing on the *defendant's* reasonable understanding also reflects the proper constitutional focus on what induced the *defendant* to plead guilty." *Id.* (emphasis in original).

Baker was unaware that Kootenai County was pursuing charges against him, but he was aware of other potential charges. He did not object to the judge considering the transcripts of all twelve violations in exchange for the promise that the State would not charge other violations of the no contact order. Clearly, the promise of not being charged for other violations is what induced his guilty plea. Baker thought he would not be prosecuted for any additional charges by any prosecutor in Idaho. Under the facts of this case that interpretation is the most reasonable.

2.      *Specific performance is a proper remedy.*

The State argues that even if the plea agreement was ambiguous, the proper remedy available to Baker was the withdrawal of his plea agreement in Ada County, not the dismissal of the charges in Kootenai County. The district court, however, held that the appropriate remedy available to Baker was specific performance of the plea agreement encompassing the charges in Kootenai County.

> It is well established that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. This principle is derived from the Due Process Clause and the fundamental rule that, to be valid, a guilty plea must be both voluntary and intelligent. If the prosecution has breached its promise given in a plea agreement, whether that breach was intentional or inadvertent, it cannot be said that the defendant's plea was knowing and voluntary, for the defendant has been led to plead guilty on a false promise. In such event, the defendant will be entitled to relief. As a remedy, the court may order specific performance of the agreement or may permit the defendant to withdraw the guilty plea.

*State v. Wills*, 140 Idaho 773, 775, 102 P.3d 380, 382 (Ct. App. 2004) (internal citations omitted).

The promise of no future prosecutions induced Baker's entering into the plea agreement. Either the specific performance or the withdrawal of the plea agreement was a proper remedy. The district court had discretion in choosing which remedy to apply. There has been no showing of an abuse of that discretion. Where a plea agreement rests on a promise of the prosecutor such

7

a promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971). Thus, it is proper to enforce the promise of the plea agreement encompassing the charges in Kootenai County.

## VI.

### CONCLUSION

The decision of the district court vacating the eleven Kootenai County charges against Baker is affirmed.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON, CONCUR.