## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 42964-2015

RANDY L. McKINNEY,                      )
                                        )        Idaho Falls, May 2017 Term
        Plaintiff-Appellant,            )
                                        )        2017 Opinion No. 64
v.                                      )
                                        )        Filed: June 20, 2017
STATE OF IDAHO,                         )
                                        )        Karel A. Lehrman, Clerk
        Defendant-Respondent.           )
                                        )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, in and for Butte County.  Hon. Alan C. Stephens, District Judge.

The judgment of the district court is <u>affirmed</u>.

Erik R. Lehtinen, Deputy State Appellate Public Defender, Boise, argued for appellant.

LaMont L. Anderson, Deputy Attorney General, Boise, argued for respondent.

_____

EISMANN, Justice.

This is an appeal out of Butte County from a judgment dismissing a petition for post-conviction relief.  We affirm the judgment.

### I.
### Factual Background.

In November 1981, a jury found Randy Lynn McKinney guilty of first degree murder (both by premeditated killing and by felony murder), conspiracy to commit murder, robbery, and conspiracy to commit robbery for the April 1981 shooting death of Robert Bishop, Jr.  On March 27, 1982, the district court sentenced McKinney to death for first degree murder, an indeterminate thirty years for conspiracy to commit murder and conspiracy to commit robbery, and fixed life for robbery.  *Id*.  This Court affirmed his convictions and the death sentence, *State v. McKinney*, 107 Idaho 180, 687 P.2d 570 (1984); and this Court affirmed the denial of his

subsequent petitions for post-conviction relief, *McKinney v. State*, 115 Idaho 1125, 772 P.2d 1219 (1989); *McKinney v. State*, 133 Idaho 695, 992 P.2d 144 (1999); *McKinney v. State*, 143 Idaho 590, 150 P.3d 283 (2006).

In April 1997, McKinney filed a petition for habeas corpus in federal district court, and on September 25, 2009, the court ruled that he was not entitled to any relief related to the guilt phase of his state case but that he was entitled to resentencing because of the ineffective assistance of his attorney at the capital sentencing hearing. Rather than appealing the court's decision, the State and McKinney entered into a binding sentencing agreement titled "Rule 11 Sentencing Agreement" on November 18, 2009, in which they agreed that McKinney would "be sentenced to a term of fixed life without the possibility of parole for the crime of first-degree murder, concurrent with his sentences for conspiracy to commit murder, robbery and conspiracy to commit robbery."[1] In 2009, McKinney was sentenced in accordance with the plea agreement.

In 2010, McKinney filed a motion pursuant to Idaho Criminal Rule 35 to correct an illegal sentence, contending that being sentenced for both robbery and first-degree murder was barred by the state and federal double jeopardy clauses and a multiple-punishment statute that was in effect when he committed the crimes. The district court denied his motion, and this Court affirmed that denial on appeal. *State v. McKinney*, 153 Idaho 837, 291 P.3d 1036 (2013).

On April 8, 2013, McKinney filed a petition for post-conviction relief, commencing this case. In his petition, McKinney requested that counsel be appointed to represent him, and the district court appointed counsel for him.

On July 29, 2014, the State filed a motion to dismiss the petition. The grounds stated in the motion were as follows:

> This petition should be dismissed, as it is a successive petition, which has been previously denied in Butte County Case No. CV-2001-000105; Butte County Case No. CV-2002-000118; and Bonneville County Case No. CV-1990-00040093-PC, I.C. § 19-4908. The State respectfully requests the Court take judicial notice of the prior petition and pleadings in each of the three above entitled cases.
>
> Petitioner's Petition for Post Conviction Relief is barred by the Statute of Limitations, I.C. § 19-4902(a).

---

[1] Rule 11(f) of the Idaho Criminal Rules provides that the prosecuting attorney and the defense attorney in a criminal case may enter into an agreement in which they agree that the defendant will receive a specific sentence. If the court accepts the agreement, then it must implement the disposition provided in the agreement. A plea agreement pursuant to Rule 11(f) is often called a "Rule 11" plea agreement.

2

Additionally, Petitioner waived his right to appeal or seek post conviction relief from the disposition of the Court in Butte County Case No. CR-81-0005, at sentencing, on November 18, 2009, the agreement of which is attached hereto as Exhibit "1." The defendant, as well as two of defendant's separate and independent legal counsel entered into the plea agreement in writing on November 18, 2009.

Petitioner has no evidentiary basis to support his claims. *Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1999).

The State did not file a memorandum or affidavit in support of the motion to dismiss. However, it did file a motion asking the district court to take judicial notice of the "Transcript of the Defendant's Re-Sentencing on November 18, 2009 at which Defendant waives his right to appeal this sentence pursuant to a plea agreement" and "of the Record, Transcripts, pleadings, Orders, Rulings or Opinions[,] responsive pleadings, guilty plea forms, agreements and including any and all filed or lodged documents in Case No. CR 81-0005." The State's motion to dismiss was heard over one year later on November 18, 2014. At the beginning of the hearing, the district court granted the motion for judicial notice.[2] After the hearing, the court issued its findings of fact and conclusions of law in which it concluded that "the Petitioner has failed to alleged [sic] facts supporting the claims in the application for relief and that no genuine issue of material fact exists. The claims are hereby dismissed with prejudice." It then entered a judgment dismissing the petition with prejudice, and McKinney timely appealed.

## II.

**Did the District Court Err in Dismissing McKinney's Petition for Post-Conviction Relief?**

"An application for post-conviction relief is in the nature of a civil proceeding, entirely distinct from the underlying criminal action. The Idaho Rules of Civil Procedure generally apply." *Ferrier v. State*, 135 Idaho 797, 798–99, 25 P.3d 110, 111–12 (2001). "Unlike the complaint in an ordinary civil action, however, an application for post-conviction relief must contain more than 'a short and plain statement of the claim' that would suffice for a complaint

---

[2] When granting the motion, the district court stated, "Well, I believe it is appropriate for the Court to take judicial notice of its own files, and so I will do so in that regard." The court did not comply with Idaho Rule of Evidence 201(c), which states, "A court may take judicial notice, whether requested or not. When a court takes judicial notice of records, exhibits, or transcripts from the court file in the same or a separate case, *the court shall identify the specific documents or items that were so noticed*." (Emphasis added.) Although the court did not identify the specific documents noticed, McKinney did not object to its failure to do so, and therefore any objection to the failure to do so is waived.

under I.R.C.P. 8(a)(1)." *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007). Rather, Idaho Code section 19-4903 requires that the petition shall set forth, separately from other factual allegations, "[f]acts within the personal knowledge of the applicant," which shall be verified, and that "[a]ffidavits, records, or other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached."

Idaho Code section 19–4906(c) permits either party in a post-conviction relief proceeding to file a motion for summary disposition of the application. The trial court can grant the motion when "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*

Because a post-conviction relief proceeding is governed by the Idaho Rules of Civil Procedure, *Stuart v. State*, 127 Idaho 806, 813, 907 P.2d 783, 790 (1995); I.C. § 19–4907(a), a motion for summary disposition must "state with particularity the grounds therefor." *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995); I.R.C.P. 7(b)(1)(B). "If the notice is sufficient that the other party cannot assert surprise or prejudice, the requirement is met." *DeRushé v. State*, 146 Idaho 599, 601, 200 P.3d 1148, 1150 (2009).

In this case, McKinney was represented by counsel. If he contended that the grounds of the State's motion to dismiss were not stated with particularity, he was required to raise that issue in the trial court, and he cannot raise it for the first time on appeal. *Id.* at 602, 200 P.3d at 1151. In *Kelly v. State*, 149 Idaho 517, 236 P.3d 1277 (2010), we explained what a petitioner for post-conviction relief must do in order to preserve any issue of lack of particularity.

> To properly preserve this issue for appeal, an applicant would merely have to raise the issue below so that the district court had an opportunity to rule on it. For example, where the petitioner for post-conviction relief receives a motion for summary dismissal and does not feel that the motion for summary dismissal and accompanying memoranda provides him with sufficient notice of the grounds for summary dismissal—under the standard established in *DeRushé*—he may file a motion with the district court under I.R.C.P. 7, objecting to the motion for summary dismissal on the basis that it fails to provide him with sufficient notice. Likewise, the petitioner could object to the sufficiency of the notice at the summary dismissal hearing before the district court. Finally, if the district court grants the State's motion for summary dismissal, the petitioner may file an I.R.C.P. 11 motion for reconsideration, citing to *DeRushé* and arguing that the State's motion and accompanying memoranda did not provide sufficient notice.

4

*Id.* at 522 n.1, 236 P.3d at 1282. McKinney did not contend in the trial court that the State's motion to dismiss failed to state the grounds of the motion with sufficient particularity.

Idaho Code section 19-4906(b) provides that the court "may indicate to the parties its intention to dismiss the application and its reasons for so doing," but if it does so "[t]he applicant shall be given an opportunity to reply within 20 days to the proposed dismissal." Therefore, "if the State moves to dismiss a petition under Idaho Code § 19–4906(c), the court cannot dismiss a claim on a ground not asserted by the State in its motion unless the court gives the twenty-day notice required by Section 19–4906(b)." *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151.

On appeal, McKinney contends that the district court erred in dismissing five of his post-conviction claims on grounds that were not asserted by the State and that the court did not give him a twenty-day opportunity to reply to its reasons for dismissing them. Those claims are labeled by McKinney on appeal as "Claims 2, 3, 4, 6 & 7."

**Claim No. 2.** McKinnney asserted as Claim No. 2:

Whether or not upon re-sentencing, and pursuant to the binding plea agreement, the Petitioner was sentenced for "premeditated Murder", or was the Petitioner sentenced for "First Degree Murder" (Felony Murder), and to continue to refer to the sentence and conviction as Premeditated Murder is not correct and violates Due Process?

In denying that claim, the district court wrote:

The Petitioner's claim that he was sentenced for "premeditated murder" as opposed to "first degree murder" is a frivolous claim for which relief cannot be granted, nor does the Petitioner allege any specific violation of law, error by the Court or cause of action for which relief can be granted, as noted by the Court, "it defies belief that the State would gratuitously absolve McKinney of serving any sentence whatsoever for premeditated murder." *State v. McKinney*, 153 Idaho 837[, 841 n.7, 291 P.3d 1036, 1040 n.7 (2013)].

Neither the State nor the district court gave McKinney notice of this reason for dismissal. However, that does not require that we automatically vacate the dismissal of this claim. *Ridgley v. State*, 148 Idaho 671, 676, 227 P.3d 925, 930 (2010).

In *Ridgley*, the petitioner contended that he had received ineffective assistance of counsel when deciding to plead guilty, and he listed five instances of his counsel's allegedly deficient performance. *Id.* at 675, 227 P.3d at 929. "The district court's notice stated its intent to dismiss on the grounds that Ridgley had presented no evidence supporting his claims of deficient

5

performance nor evidence establishing an objective basis from which to conclude that, but for counsel's alleged deficiencies, Ridgley would not have pled guilty." *Id*. at 676, 227 P.3d at 930. However, the district court dismissed the claims on the ground that "the issues previously presented by Ridgley in support of his motion to withdraw his plea of guilty could not be relitigated in this post-conviction action." *Id*. This Court held that although the district court did not give notice of its intent to dismiss the claim based upon res judicata, the dismissal could be upheld on the correct ground that it was not supported by the evidence. *Id*. at 676–77, 277 P.3d at 930–31.

In the State's motion to dismiss, it alleged that "Petitioner has no evidentiary basis to support his claims." The resentencing agreement was attached to the State's motion to dismiss. It stated in part:

> 6.　In lieu of appeals to the Ninth Circuit Court of Appeals, the parties hereby stipulate and agree to the following disposition for the crime of **first-degree murder** in the above-entitled criminal case pursuant to Idaho Criminal Rule 11(f)(1)(C):
>
> a.　Pursuant to Idaho Criminal Rule 11(f)(l)(C), the parties stipulate and agree that McKinney shall be sentenced to a term of fixed life without the possibility of parole for the crime of first-degree murder, concurrent with his sentences for conspiracy to commit murder, robbery and conspiracy to commit robbery;

The transcript of the resentencing hearing was attached to McKinney's petition for post-conviction relief. It reflects that in pronouncing sentence, the district court stated that it was resentencing McKinney for the crime of murder in the first degree.

> THE COURT: All right. Mr. McKinney, then, pursuant to this plea agreement—or this sentencing agreement and based on the record before me, we are resentencing you on the first-degree murder charge to a fixed life sentence without the possibility of parole. That will be consistent—or concurrent with the other charges on—the other original charges. So we will do an amended judgment of conviction wherein the sentence on the first-degree murder charge will be fixed life without the possibility of parole. All other sentences will remain the same as previously set out in the original judgment.

The facts in the record show that McKinney was resentenced for first-degree murder. There are no facts supporting his assertion that he was resentenced for premeditated murder,[3] nor

---

[3] When McKinney committed the murder, a murder "perpetrated by any kind of willful, deliberate and premediated killing" was one manner of committing the crime of murder in the first degree. I.C. § 18-4003(a) (1987). The jury

are there any facts in the record showing that it would violate due process for some unidentified person to refer to his sentence and conviction as being for "premeditated murder."

Although, as stated above, the district court gave a reason for dismissing this claim that was not raised by the State, the court also stated in its findings of fact and conclusions of law that "the Petitioner has failed to alleged [sic] facts supporting the claims in the application for relief and that no genuine issue of material fact exists." In its motion, the State gave as a ground for dismissal that "Petitioner has no evidentiary basis to support his claims." McKinney has not contended on appeal that there were facts in the record supporting this claim. Therefore, the court did not err in dismissing it on the ground that there were no facts supporting the claims in his petition.

**Claim No. 3.** McKinnney asserted as Claim No. 3:

Whether or not the sentence imposed, (Whether or not agreed upon by all parties), is illegal, as there was no provision in the laws, at the time of the commission of the offenses, for the Court to impose a "Fixed life" sentence. (The Court lacked subject matter jurisdiction to impose such a term)[.]

Whether McKinney could be resentenced to a fixed life sentence is an issue of law. The State's motion to dismiss did not state any ground for dismissal that was related to this claim. In denying this claim, the district court wrote, "The Petitioner's claim that the Court did not have authority to enter a sentence of 'fixed life sentence' pursuant to the plea agreement jointly submitted by the parties has no legal merit. *State v. Wilson*[,] 107 Idaho 506[, 690 P.2d 1338] (Idaho 1984)." Thus, the court dismissed this claim for a reason not asserted by the State. Ordinarily, this would require that we vacate the dismissal of this claim. However, this is a matter of law on which this Court has already ruled. Therefore, it would serve no purpose to vacate the dismissal of this claim.

In *State v. Wilson*, two brothers committed a grocery store robbery in February 1981 in which one of them shot and killed the owner of the store. *Id*. at 507, 690 P.2d at 1339; *State v. Wilson*, 105 Idaho 669, 671, 672 P.2d 237, 239 (Ct. App. 1983). They each pled guilty to murder in the first degree, and each of them was sentenced to a fixed life term for murder. *Id*. On appeal, the Idaho Court of Appeals held that they could have been sentenced to a fixed term

found McKinney guilty "of first degree murder (both by premeditated killing and by felony murder)." *McKinney v. State*, 133 Idaho 695, 698, 992 P.2d 144, 147 (1999).

of years less than life for murder in the first degree, and it vacated their fixed life sentences on the ground that the district court had not correctly perceived its sentencing options. *Id.* We granted review, and we reversed the decision of the Court of Appeals and reinstated the fixed life sentences. We stated, "The decision of the Court of Appeals, vacating the sentence imposed by the district judge on the basis that a fixed term of years less than life is an alternative sentence for first degree murder, is reversed and the sentences imposed by the trial court are reinstated." *Id.* at 509, 690 P.2d at 1341.

We stated: "Prior to 1977, the single possible sentence upon conviction for first degree murder was death. In 1977, the legislature amended I.C. § 18–4004 to provide that 'every person guilty of murder of the first degree shall be punished by death or by imprisonment for life.'" *Id.* at 507–08, 690 P.2d at 1339–40. We then stated that we agreed with the dissent of Judge Swanstrom of the Court of Appeals, in which he stated:

> "By its 1977 amendment to I.C. § 18–4004, the Legislature said that a person guilty of first degree murder 'shall be punished by death or by imprisonment for life.' This mandatory language is plain and direct. It deserves to be given literal treatment if the result is reasonable and in harmony with other statutory provisions on the subject. It means simply that, if imprisonment is to be the punishment, the sentence must be for life. *It may be either a fixed or indeterminate life sentence.*"

*Id.* at 509, 690 P.2d at 1341 (citations omitted) (emphasis added). Idaho Code section 18-4004 was not amended between February 1981, when the two brothers in *Wilson* committed their murder, and April 1981, when McKinney committed the murder that is the subject of this case. Ch. 232, § 1, 1986 Idaho Sess. Laws 638, 639. Therefore, a fixed life sentence could be imposed for the crime of murder in the first degree at the time McKinney committed the murder.

In *Houpt v. Wells Fargo Bank, National Ass'n*, 160 Idaho 181, 370 P.3d 384 (2016), the Houpts filed an action seeking to stop proceedings to foreclose on their real property, but when they did so they were not the real party in interest because they had previously filed a petition in bankruptcy. *Id.* at 187, 370 P.3d at 390. However, by the time the case was on appeal, the bankruptcy trustee had abandoned the estate's interest in the real property. *Id.* We allowed them to proceed with the appeal because "[r]equiring Houpts to start over would only result in needless waste." *Id.*

Likewise, vacating the dismissal of McKinney's Claim No. 3 and sending it back so that the district court could dismiss it after giving McKinney notice of this Court's decision in *State*

*v. Wilson* would result in needless waste. "The purpose of the twenty (20) day notice requirement is to give the petitioner 'an opportunity to establish a material fact issue.'" *Fetterly v. State*, 121 Idaho 417, 418, 825 P.2d 1073, 1074 (1991). Because the validity of his fixed life sentence for murder in the first degree is an issue of law, there is no issue of fact that McKinney could establish regarding this claim. Therefore, we affirm the dismissal of this claim.

**Claim No. 4.** McKinney asserted as Claim No. 4 that he had been denied the effective assistance of counsel because:

> Counsel, during the plea negotiations, which led to the binding plea, and the re-sentencing in this case, informed me that I would be re-sentenced to first degree murder, (Felony Murder), NOT premeditated murder;

In its motion to dismiss, the State alleged that "Petitioner has no evidentiary basis to support his claims." In denying this claim, the district court wrote:

> Petitioner's claim of ineffective assistance of counsel for not informing Petitioner of the charge he was sentenced on November 18, 2009 fails to allege deficient conduct by his counsel and asserts no facts contrary to the record. The Court's colloquy specifically told Petitioner the charge in which he was being sentenced. Petitioner acknowledged he understood the charge and his wish to proceed. Petitioner's claim also fails to allege how Petitioner has been prejudiced by his allegation.

As stated above, the transcript of the resentencing hearing shows that McKinney was resentenced for the crime of murder in the first degree. The resentencing court orally pronounced the sentence as follows:

> COURT: All right. Mr. McKinney, then, pursuant to this plea agreement—or this sentencing agreement and based on the record before me, we are resentencing you on the first-degree murder charge to a fixed life sentence without the possibility of parole. That will be consistent—or concurrent with the other charges on—the other original charges. So we will do an amended judgment of conviction wherein the sentence on the first-degree murder charge will be fixed life without the possibility of parole. All other sentences will remain the same as previously set out in the original judgment. Do you have any questions about that?
> THE DEFENDANT: No, sir. I understand.

Thus, McKinney was advised by the State that this claim should be dismissed because it was not supported by facts in the record. As the district court held, the facts in the record do not support McKinney's Claim No. 4, and the district court did not err in dismissing this claim on

the ground that it was not supported by facts in the record.  McKinney has not contended on appeal that the district court erred in holding that there were no facts in the record supporting this claim.

**Claim No. 6.**  McKinney asserted as Claim No. 6 that he was denied the effective assistance of counsel because:

> Counsel for the Petitioner failed to recognize that at the time of the commission of the offenses Idaho Law provided for the sentence(s) of Death, or life in prisonment [sic] for the crime of first degree murder.  (There was no sentence possible for a "fixed Life Term", and as such counsel was ineffective for allowing me to be sentenced at the time I was re-sentenced, to a term that the Court lacked statutory authority to impose.[)]

The State alleged in its motion to dismiss that "Petitioner has no evidentiary basis to support his claims."  In denying this claim, the district court wrote:

> Petitioner's claim regarding his counsel's alleged deficient performance regarding the sentence of a fixed term of life is without merit, since such an argument is contrary to law.  Furthermore, such an argument being contrary to law, the absence of such an argument cannot create prejudice to the Petitioner. *Strickland v. Washington*[,] 466 U.S. 668, 104 S.Ct. 2052, (1984); *Mitchell v. State* 132 Idaho 274 (Idaho, 1998)[.]

In *Ridgley*, the petitioner claimed that he was entitled to post-conviction relief because of his defense counsel's deficient performance in connection with the petitioner's guilty plea.  148 Idaho at 674, 227 P.3d at 928.  The State moved to dismiss the petition on the ground that the petitioner "had presented no evidence supporting his claims of deficient performance nor evidence establishing an objective basis from which to conclude that, but for counsel's alleged deficiencies, Ridgley would not have pled guilty."  *Id*. at 676, 227 P.3d at 930.  Although the district court dismissed it on another ground, we upheld the dismissal on the ground asserted by the State—that the petitioner did not present evidence showing prejudice.  We stated as follows:

> Because this Court employs the same standards on appellate review that the trial court applies in considering summary dismissal of a petition for post-conviction relief, if Ridgley failed to provide admissible evidence supporting these claims, they were properly dismissed.
>
> We address only the prejudice prong of the *Strickland* standard. . . . In order to demonstrate prejudice, a petitioner is required to show that as a result of counsel's deficient performance "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." . . . .

10

In his affidavit filed in response to the district court's notice of intent to dismiss, Ridgley asserted that if post-conviction relief were granted, he would not again plead guilty but would insist on going to trial because he is innocent. This assertion is insufficient to withstand summary dismissal. Nowhere in his petition or his affidavit does Ridgley attempt to draw a causal connection between the alleged deficiencies of his attorney's performance and his decision to plead guilty.

*Id*. at 676–77, 227 P.3d at 930–31.

In this case, the State moved to dismiss on the ground that there were no facts supporting the claim. Nowhere in McKinney's petition does he state under oath that but for the alleged error (which as mentioned above was not error because Idaho law did allow for a fixed-life sentence for first-degree murder), he would not have pled guilty. McKinney does not allege on appeal that there were facts set forth in his petition supporting this claim. Therefore, the district court did not err in dismissing this claim.

**Claim No. 7.** McKinney asserted as Claim No. 7 that "Counsel failed to consult Petitioner about appeal." In his binding sentencing agreement, McKinney agreed to waive his right to appeal. The binding agreement provided as follows:

6. In lieu of appeals to the Ninth Circuit Court of Appeals, the parties hereby stipulate and agree to the following disposition for the crime of **first-degree murder** in the above entitled criminal case pursuant to Idaho Criminal Rule 11(f)(1)(C):

a. Pursuant to Idaho Criminal Rule 11(f)(1)(C), the parties stipulate and agree that McKinney shall be sentenced to a term of fixed life without the possibility of parole for the crime of first-degree murder, concurrent with his sentences for conspiracy to commit murder, robbery and conspiracy to commit robbery;

b. The parties agree that pursuant to Idaho Criminal Rule 11(f)(1)(C) this Court shall be bound by the parties joint stipulation that McKinney be sentenced to a term of fixed life without the possibility of parole for the crime of first-degree murder, concurrent with his sentences for conspiracy to commit murder, robbery and conspiracy to commit robbery;

c. The parties agree not to appeal from Judge Winmill's Memorandum Decision and Order and subsequent Judgment, which were entered on September 25, 2009.

d. The parties agree to waive completion of a presentence report prior to resentencing for the crime of first-degree murder, and

e. Pursuant to Idaho Criminal Rule 11(f)(1) and *State v. Murphy*, 125 Idaho 456, 872 P.2d 719 (1994), McKinney specifically waives and gives

up his right to appeal the new judgment and sentence imposed by this Court.

f. McKinney specifically relieves this Court from its obligation to notify him of his appellate rights at resentencing under Idaho Criminal Rule 33(a)(3).

The binding agreement also stated:

11. McKinney acknowledges that Idaho Appellate Rules, Rules 4 and 11(c) provides [sic] him the right to file an appeal from any new sentence this Court may impose for first-degree murder, and understands he is knowingly, voluntarily and intelligently waiving his right to appeal.

12. The parties agree that this agreement constitutes the entire agreement between McKinney and the State of Idaho, and that no other promises or inducements have been made, either directly or indirectly by the State of Idaho or any of its agents regarding the disposition of this case. Additionally, McKinney states that no person has threatened or coerced him, directly or indirectly, to enter into this agreement.

13. Counsel for McKinney specifically states that she has read this agreement, has read and explained said agreement to McKinney, and states that, to the best of her knowledge and belief, McKinney understands this agreement.

14. McKinney specifically states that he has read this agreement, that he has had this agreement read and explained to him by his attorney, and that he understands this agreement.

McKinney signed the binding agreement, as did both of his attorneys, the prosecuting attorney, and a deputy attorney general.

At the resentencing hearing, McKinney agreed that he was waiving his right to appeal the sentence of fixed life for the crime of murder in the first degree. His dialogue with the resentencing court was as follows:

THE COURT: We talked about appealing the decision from the Federal District Court. That also applies to an appeal on this case. So once sentencing is entered on this particular charge, you're waiving the right to appeal this sentence pursuant to this plea agreement. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Is that something that you're willing to do?
THE DEFENDANT: Yes. I'm comfortable with that.

In denying this claim, the district court wrote:

Petitioner's claim regarding his counsel failing to advise him regarding the right to appeal has no basis in fact, and is without merit. The Court specifically addressed this issue on the record with Petitioner on November 18, 2009. Thus, Petitioner has not offered any facts or allegations contrary to the transcript of how

12

this issue could create prejudice. *Strickland v. Washington*[,] 466 U.S. 668, 104 S.Ct. 2052, (1984); *Mitchell v. State*[,] 132 Idaho 274 (Idaho, 1998)[.]

Rule 11(f)(1) provides that an agreement pursuant to that rule "may include a waiver of the defendant's right to appeal the judgment and sentence of the court." The only action to be taken by the district court in this case was resentencing McKinney for the crime of murder in the first degree. He waived his right to appeal from the new sentence imposed by the district court.

"Plea agreements are essentially bilateral contracts between the prosecutor and the defendant." *State v. Guess*, 154 Idaho 521, 524, 300 P.3d 53, 56 (2013). The State is bound by a plea agreement, *State v. Baker*, 156 Idaho 209, 213, 322 P.3d 291, 295 (2014), and a "defendant is also bound by a plea agreement," *State v. Jafek*, 141 Idaho 71, 74, 106 P.3d 397, 400 (2005).

If a defendant files an appeal and has waived the right to appeal the only issue(s) that the defendant seeks to raise on appeal, and that fact is brought to our attention before oral argument, we will issue an order conditionally dismissing the appeal in order to give the defendant an opportunity to show good cause why the appeal should not be dismissed. If the defendant cannot do so, we will dismiss the appeal. *See State v. Lundahl*, No. 40081-2012 (Idaho Aug. 29, 2012) (order dismissing appeal because defendant-appellant waived right to appeal in binding plea agreement); *State v. Franco*, No. 35493-2008 (Idaho April 23, 2009) (order granting motion to dismiss appeal because defendant-appellant waived right to appeal in binding plea agreement); *State v. Maddock*, No. 35009 (Idaho April 24, 2008) (order granting motion to dismiss appeal because defendant-appellant waived right to appeal in binding plea agreement).

If the defendant has challenged the validity of the waiver of the right to appeal, we will address that issue and, if it is decided against the defendant, we will dismiss the appeal without addressing the other issue(s). For example, in *State v. Murphy*, 125 Idaho 456, 872 P.2d 719 (1994), the defendant waived his right to appeal his judgment and sentence as part of a plea agreement, and then appealed, seeking to have this Court review his sentence. *Id*. After rejecting the defendant's arguments regarding the validity of his waiver of his right to appeal, we refused to consider the reasonableness of his sentence. We held as follows:

> We hold that there is no basis for Murphy's challenge to his waiver of the right to appeal, and the record reflects that the waiver was knowingly, voluntarily and intelligently entered as a part of his plea agreement. There is, therefore, no reason to address his further challenge to the reasonableness of the sentence imposed. The appeal is hereby dismissed.

*Id.* at 457, 872 P.2d at 720.

In its motion to dismiss, the State alleged that "Petitioner has no evidentiary basis to support his claims." McKinney's binding plea agreement was in the record, as was the transcript of his resentencing. He had been found guilty of murder in the first degree by a jury, so the only action taken by the district court was resentencing McKinney to a fixed life sentence for that crime, in accordance with the plea agreement. He waived his right to appeal that sentence. Thus, the record before the district court showed that McKinney had waived his right to appeal the only issue that could be appealed—the sentence imposed in his resentencing. In his petition for post-conviction relief, McKinney did not allege any facts that would challenge the validity of his waiver of the right to appeal.

"A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (citations omitted). In *Flores-Ortega*, the Supreme Court addressed the obligation of an attorney to consult with the attorney's client regarding an appeal.

With respect to the first prong necessary to show ineffective assistance of counsel, the Court "reject[ed] a bright-line rule that counsel must always consult with the defendant regarding an appeal." *Id.* at 480. The Court stated,

> We instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Id.* The Court also stated, "Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

In this case, McKinney received the exact sentence he bargained for and expressly waived his right to appeal that sentence. The only assertion in his petition for post-conviction relief is that "Counsel failed to consult Petitioner about appeal." This bare assertion is

14

insufficient to show that his counsel's representation fell below an objective standard of reasonableness.

With respect to the second prong necessary to show ineffective assistance of counsel, the Supreme Court also rejected a bright-line test that there is *per se* prejudice when counsel fails to consult with a client regarding an appeal. *Id*. at 484. The Court held that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. In this case, McKinney's petition does not contain any allegation that had his counsel consulted with him regarding an appeal, he would have timely appealed.

Thus, McKinney's petition for post-conviction relief did not allege any facts that would support a claim of ineffective assistance of counsel based upon his counsel's alleged failure to consult with him regarding an appeal. The district court did not err in dismissing this claim.

## III.
### Conclusion.

We affirm the judgment of the district court.


Chief Justice BURDICK, and Justices JONES, HORTON and BRODY **CONCUR.**

15