# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48233

| | |
|---|---|
| JAMES HENRY WENKE, | ) |
| | ) Filed: December 15, 2021 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Judgment dismissing petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

James Henry Wenke appeals from the judgment dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found Wenke guilty of possession of marijuana with intent to distribute and a persistent violator enhancement. This Court affirmed Wenke's judgment of conviction in an unpublished opinion. *State v. Wenke*, Docket No. 45983 (Ct. App. Dec. 10, 2019).

Wenke subsequently filed a pro se petition for post-conviction relief, claiming that his trial counsel was "incompetent" and ineffective. In support of this claim, Wenke alleged trial counsel failed to read police reports, prepare for trial, inform the trial court that one of the convictions

1

alleged in support of the persistent violator enhancement was not for a felony, or object to testimony during trial that Wenke's family owned a "weed farm." Wenke also moved for appointed counsel. The district court denied Wenke's motion for appointed counsel and notified Wenke that his petition would be dismissed in twenty days if certain defects remained uncorrected. After Wenke failed to respond to the notice within twenty days, the district court dismissed his petition. Wenke appeals.

## II.

## ANALYSIS

Wenke argues that the district court erred by dismissing his petition without granting him appointed counsel. Specifically, Wenke contends that the district court: (1) applied an erroneous legal standard to his motion for appointed counsel; (2) failed to "consider whether circumstances prevented [Wenke] from more thoroughly investigating the facts prior to filing his petition"; and (3) denied him appointed counsel despite Wenke's petition alleging "the possibility of a valid claim of ineffective assistance of counsel." The State responds that the district court properly denied Wenke's motion for appointed counsel and dismissed Wenke's petition. We hold that Wenke has failed to establish he alleged the possibility of a valid claim that would have warranted the appointment of post-conviction counsel.

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. When a district court is presented with a request for appointed counsel, the court must address the request before ruling on the substantive issues in the case. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). The district court abuses its discretion if it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Id*.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by pro se petitioners may be conclusory and incomplete. *Id*. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.*

2

Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

Wenke contends that his petition alleged sufficient facts to raise the possibility of a valid ineffective assistance of counsel claim. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Id.* This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Id.* Even under the lower "possibility of a valid claim" standard on review of a failure to appoint counsel, we consider whether the petitioner can meet the two-part *Strickland* test where a petitioner alleges ineffective assistance of trial counsel. *See Gonzales*, 151 Idaho at 172, 254 P.3d at 73 (applying the *Strickland* test on a challenge to a denial of appointment of counsel where claims alleged ineffective assistance of counsel).

In a single order, the district court addressed Wenke's request for appointed counsel and gave notice of its intent to summarily dismiss his petition. When discussing Wenke's request for appointed counsel, the district court observed that trial courts must address such requests before reaching the substantive issues in the case and that an indigent petitioner should be appointed counsel when "the petition alleges facts showing the possibility of a valid claim." The district court then denied Wenke's request for appointed counsel because, "based upon the documents before [the district court] and the claims made," Wenke had "no right to relief." In reaching this conclusion, the district court incorporated by reference its subsequent analysis of the deficiencies

in Wenke's petition that subjected it to summary dismissal. In addition to other fatal defects, the district court concluded that each of Wenke's allegations were either contradicted by the record of the underlying criminal proceeding,[1] could not be established as prejudicial, or were too vague to support an ineffective assistance claim.

Wenke faults the district court for failing to consider his motion for appointed counsel under the correct legal standard before evaluating the substantive allegations of Wenke's petition. Despite the district court's recitation of the proper legal standard, Wenke contends that the district court merely "purported to address [his] motion for appointment of counsel before evaluating the merits of [Wenke's] claims." According to Wenke, the district court's indication that it denied his request for counsel because Wenke had "no right to relief" shows that the district court evaluated his "right to relief first, and then concluded, based on the lack of a right to relief, that [he] was not entitled to counsel" without applying "two different standards to these determinations." This argument is unpersuasive.

Contrary to Wenke's contention on appeal, the district court's indication that it denied his motion for appointed counsel because "there was no right to relief" under Wenke's petition does not necessarily imply the application of an incorrect legal standard. The district court could have concluded, for instance, that there was no right to relief under Wenke's petition because the facts alleged therein did not raise the possibility of a valid claim. That the district court recited the standard applicable to motions for appointed counsel in a post-conviction proceeding supports this interpretation. *See Swader v. State*, 143 Idaho 651, 655, 152 P.3d 12, 16 (2007) (observing that the legal standard trial courts should apply when addressing a motion for appointed counsel is whether the petition for post-conviction relief alleges facts raising the possibility of a valid claim). Additionally, the district court's determination that Wenke's petition was deficient because, among other reasons, the allegations it contained were contradicted by the record, could not be established

---

[1]     The district court's factual findings relating to the record of the underlying criminal action appear to be based upon numerous documents from the underlying criminal proceeding that the district court judicially noticed sua sponte. Copies of the noticed documents are absent from the record on appeal. However, Wenke neither argues that the absence of these documents, standing alone, constitutes reversible error nor otherwise challenges the district court's factual findings based upon the noticed documents.

as prejudicial, or were too vague indicates that Wenke's petition did not raise the possibility of a valid claim. *See Chaput v. State*, 168 Idaho 774, 780, 487 P.3d 366, 372 (Ct. App. 2021) (affirming the denial of appointed counsel to develop claims contradicted by the record); *Hall v. State*, 156 Idaho 125, 129, 320 P.3d 1284, 1288 (2014) (affirming the denial of counsel when, even assuming the petitioner's counsel was deficient, the deficiency could not have prejudiced the petitioner); *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006) (affirming the denial of a motion for appointed counsel because the petitioner's allegations were "too vague to suggest even the possibly of a meritorious claim").

Under such circumstances, we will not infer from the district court's statement, that "there [was] no right to relief," means the district court applied a standard different from the one expressly recited by the district court. Consequently, Wenke has failed to show that the district court evaluated his motion for appointed counsel under the wrong standard.

We next address Wenke's argument that the district court erred by failing to "consider whether circumstances prevented [him] from more thoroughly investigating the facts prior to filing his petition." Wenke supports his argument by quoting language in *Swader*, recognizing that an "indigent defendant who is incarcerated in the penitentiary would almost certainly be unable to conduct an investigation into facts not already contained in the court record." Thus, according to Wenke, the district court should have appointed him counsel "in light of governing rules and especially considering [Wenke's] statement" (contained in an affidavit submitted with his petition) "that he suffers from severe learning disabilities" which make it "impossible to put in writing things [he] wanted to have [his] attorney address for [Wenke's] case." To the extent that Wenke contends that the district court abused its discretion by denying him counsel due to this bare, conclusory allegation of suffering "severe learning disabilities" or that the allegation obligated the district court to appoint Wenke counsel regardless of the contents of Wenke's petition, his argument fails.

Considered in context, the language Wenke quoted from *Swader* does not support the argument that his alleged learning disability obligated the district court to do more than determine whether he pled facts supporting the possibility of a valid claim. In *Swader*, the Idaho Supreme Court stated:

When considering a motion for appointment of counsel, the trial court must do more than determine whether the petition alleges a valid claim. The court must also consider whether circumstances prevent the petitioner from making a more thorough investigation into the facts. An indigent defendant who is incarcerated in the penitentiary would almost certainly be unable to conduct an investigation into facts not already contained in the court record. Likewise, a *pro se* petitioner may be unable to present sufficient facts showing that his or her counsel's performance was deficient or that such deficiency prejudiced the defense. That showing will often require the assistance of someone trained in the law. *Therefore, the trial court should appoint counsel if the petition alleges facts showing the possibility of a valid claim such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claim.*

*Id.* at 654-55, 152 P.3d at 15-16 (emphasis added). In other words, pro se petitioners must allege a sufficient factual basis to raise the possibility of a valid claim to obtain appointed counsel. Although a pro se petitioner's particular circumstances may militate in favor of appointing counsel when such a factual basis is provided, such circumstances neither remove nor reduce the petitioner's pleading obligations.

Wenke also contends that the district court erred by denying him appointed counsel because Wenke's petition alleged facts "sufficient to show the possibility of a valid claim of ineffective assistance of counsel." The district court interpreted Wenke's petition as alleging he received ineffective assistance of counsel because:

1.   When [Wenke] asked his attorney about conflicting statements in police reports, [Wenke's] attorney stated he did not have time to read them.
2.   [Wenke's] attorney refused to prepare for trial, because the case would be dismissed on [an I.C.R.] 29 motion.
3.   [Wenke's] attorney refused to inform the [trial] court that one of the felonies used to prove [Wenke] was a persistent violator was not a felony.
4.   [Wenke's] attorney did not object to the admission of testimony that [Wenke's] family had a marijuana farm.

The district court determined that Wenke's allegations regarding his trial counsel's failure to read police reports or otherwise prepare for trial were not only insufficiently detailed and lacking in evidentiary support to satisfy either prong of *Strickland*, but the allegations were also contradicted by the record of the underlying criminal case. The district court further concluded that Wenke's claim that his counsel failed to inform the trial court that one of the three convictions alleged to support the persistent violator enhancement was not a felony failed because, among other reasons, the jury needed only to find that Wenke had two prior felony convictions for the enhancement to

6

apply. Finally, the district court determined that Wenke's allegation that his counsel failed to object to testimony indicating Wenke's family owned a marijuana farm failed because, among other reasons, he did not identify the grounds for a valid objection or show that the lack of objection changed the outcome of the trial.

On appeal, Wenke contends that the record raises the possibility of two valid claims, only one of which he asserted in his petition. Of the four allegations of deficient performance the district court identified, Wenke focuses his arguments exclusively on whether his petition alleged facts giving rise to the possibility of a valid claim that his counsel was ineffective by failing to object to testimony that Wenke's family owned a marijuana farm. Additionally, Wenke contends that this Court's opinion affirming his judgment of conviction on direct appeal "also lays out an obvious claim of ineffective assistance of counsel." Neither argument is persuasive.

Wenke asserts that the district court erred in denying him counsel to develop his allegation relating to his trial counsel's failure to object to the marijuana farm testimony because deficiencies the district court identified in this claim could "easily have been addressed by appointed counsel." Wenke contends that appointed counsel "would have been able identify . . . the reason that trial counsel should have objected" and "could also have explained why this evidence affected the outcome of the trial." Wenke and his appellate counsel's speculation about what an appointed attorney might accomplish below is insufficient to show error. The critical question for this Court is whether Wenke's petition alleges facts sufficient to show that this claim is possibly valid.

Counsel's choice of witnesses, manner of cross-examination, and lack of objections to testimony are considered tactical or strategic decisions. *Grove v. State*, 161 Idaho 840, 851, 392 P.3d 18, 29 (Ct. App. 2017). Moreover, tactical decisions are presumed to arise from sound legal strategy. *Dunlap v. State*, 159 Idaho 280, 320, 360 P.3d 289, 329 (2015). Even when construed in the light most favorable to Wenke, his petition neither identifies a basis for objecting to the marijuana farm testimony nor in any way shows that trial counsel's lack of objection was anything but a strategic or tactical decision. To the contrary, the conclusory allegations aver that Wenke's trial counsel "refused" to object to the evidence. This implies that trial counsel affirmatively declined to lodge an objection--not that he was unaware of the possibility of doing so. Accordingly, Wenke's petition failed to raise the possibility of a valid claim based upon his trial counsel's lack of objection to the testimony about Wenke's family's marijuana farm.

Wenke's argument that the district court erred by failing to appoint him counsel for the allegedly "obvious" claim contained in this Court's opinion regarding the direct appeal of Wenke's conviction also fails. Specifically, Wenke contends that certain arguments he asserted on direct appeal that this Court determined had not been preserved due to a lack of objection in the underlying criminal proceeding raised the possibility of a valid claim of ineffective assistance of counsel. However, Wenke's petition does not allege facts related to either of these unpreserved evidentiary arguments. Moreover, Wenke cites no authority to support the proposition that, when addressing his request for appointed counsel, the district court had to consider matters identified in an appellate opinion that were not alleged in Wenke's petition. A party waives an issue on appeal if either argument or authority is lacking. *Passons v. State*, 168 Idaho 668, 675, 485 P.3d 164, 171 (Ct. App. 2020). Consequently, Wenke has waived consideration of whether the district court erred by denying him counsel to develop the claims allegedly contained in this Court's opinion in Wenke's direct appeal from the underlying criminal proceeding.

## III.

## CONCLUSION

Wenke has failed to show that the district court erred by denying his motion for appointment of post-conviction counsel. Consequently, the district court's judgment dismissing Wenke's petition for post-conviction relief is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.