**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48848**

| | |
|---|---|
| RONALD LEWIS LEE, JR., | ) |
| | ) Filed: August 19, 2022 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Power County. Hon. Rick Carnaroli, District Judge.

Judgment dismissing petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

LORELLO, Chief Judge

Ronald Lewis Lee, Jr., appeals from the judgment dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Lee was found guilty of aggravated battery following a jury trial in an underlying criminal case. Lee appealed, and this Court affirmed his judgment of conviction and sentence in an unpublished opinion. *State v. Lee*, Docket No. 46104 (Ct. App. June 3, 2019). Lee filed a pro se petition for post-conviction relief and, after being appointed counsel, amended his petition to allege five instances of ineffective assistance of trial counsel.

1

The case proceeded to an evidentiary hearing. Relevant to this appeal, Lee alleged that his trial counsel was ineffective "by failing to take proper action to obtain discovery and/or exculpatory material from the State" and "by not seeking sanctions from the State regarding the use of evidence presented at trial." At the beginning of the hearing, the parties stipulated to the district court "tak[ing] judicial notice of the underlying criminal case." Lee then testified on his own behalf. According to Lee, his trial counsel received supplemental discovery from the State one day before trial. This discovery consisted, in part, of an officer's supplemental report and video footage from the officer's bodycam and dashcam. After Lee presented his case-in-chief, the State moved "under [I.R.C.P.] 12(b)(6) to dismiss" Lee's petition, which the State believed was "appropriate under Idaho Code [Section] 19-4907" and "the provisions of that code" that allow for "summary dismissal." The district court took the motion to dismiss under advisement, with the plan to continue the hearing at a later date should the district court deny the motion. The district court granted the motion to dismiss and entered judgment dismissing Lee's petition for post-conviction relief. Lee appeals.

## II.

### STANDARD OF REVIEW

When reviewing a decision granting a motion to dismiss under I.R.C.P. 41(b)(2),[1] an appellate court will not disturb the district court's factual findings unless they are clearly erroneous. *Rome v. State*, 164 Idaho 407, 412, 431 P.3d 242, 247 (2018). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the

---

[1]    Although the State characterized its motion to dismiss as "under [I.R.C.P.] 12(b)(6)" and the rules for "summary dismissal," the State also asserted that Lee "failed to present adequate evidence to support a claim." Weighing the evidence presented at trial is not the proper analysis for an I.R.C.P. 12(b)(6) motion or a motion for summary dismissal. *See Von Lossberg v. State*, 170 Idaho 75, 79, 506 P.3d 251, 255 (2022); *Pomrenke v. State*, 169 Idaho 474, 478, 497 P.3d 548, 552 (Ct. App. 2021). Such weighing is, however, appropriate for a motion under I.R.C.P. 41(b)(2), which permits a defendant to "move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief" after the plaintiff's case-in-chief. Following such a motion, the district court "may then determine the facts" and decide the motion. I.R.C.P. 41(b)(2). Because the State asked the district court to weigh the evidence, we construe the motion as one under I.R.C.P. 41(b)(2). *See Rome v. State*, 164 Idaho 407, 411-12, 431 P.3d 242, 246-47 (2018) (applying an I.R.C.P. 41(b) standard of review to a motion for directed verdict because a motion for directed verdict is inappropriate when the trial court is the trier of fact).

evidence are all matters solely within the province of the district court. *See Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). We exercise free review of the district court's application of the relevant law to the facts. *See Baxter v. State*, 149 Idaho 859, 862, 243 P.3d 675, 678 (Ct. App. 2010).

## III.

## ANALYSIS

Lee asserts error in several of the district court's factual findings and argues that, as a result, the district court erred in dismissing his petition. The State responds that Lee failed to provide an adequate record for appeal, precluding review of his challenges to the district court's factual findings. The State also responds that, even if the findings are erroneous, Lee failed to show his trial counsel provided ineffective assistance of counsel or that Lee was prejudiced by his trial counsel's actions, rendering any factual errors harmless. In reply, Lee asserts it was "inappropriate" for the district court to take "judicial notice of 'the entire criminal file'" even though he stipulated to the court doing so. Although some of district court's findings are clearly erroneous, we affirm because Lee has failed to show the errors affected his substantial rights.

We begin with Lee's contention that the district court's judicial notice of the underlying criminal case was "inappropriate." Lee concedes that "the doctrine of invited error" prevents him from challenging the district court's judicial notice of the underlying criminal case but, nonetheless, contends that the manner of taking judicial notice was "inappropriate" because the district court took judicial notice of the entire criminal file rather than specifically noting which documents were being noticed. Even if the doctrine of invited error does not preclude Lee from challenging the manner (as opposed to the decision) of taking judicial notice, he failed to preserve this issue for appeal. Although a trial court is required to specify what documents are being judicially noticed, a party's failure to object to the manner of taking judicial notice forfeits the issue on appeal. *See McKinney v. State*, 162 Idaho 286, 290 n.2, 396 P.3d 1168, 1172 n.2 (2017); *Chaput v. State*, 168 Idaho 774, 777-78, 487 P.3d 366, 369-70 (Ct. App. 2021). Lee did not object to the district court taking judicial notice of the entire underlying criminal case without identifying specific documents, thereby forfeiting consideration of this issue on appeal. Consequently, we will not consider Lee's argument that the district court inappropriately took judicial notice of the underlying criminal case.

Next we address the State's argument that Lee failed to provide an adequate record for appeal. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Lake v. State*, 124 Idaho 259, 261, 858 P.2d 798, 800 (Ct. App. 1993). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Rome*, 164 Idaho at 419, 431 P.3d at 254. Lee and the State stipulated to the district court "tak[ing] judicial notice of the underlying criminal case," and the district court indicated that it would "read through that entire criminal file" before issuing a decision.[2] The record on appeal contains a few documents from the underlying criminal case but not the entire record. Consequently, we will not presume error in any challenged finding that could be supported by the missing portions of the record.

Lee's petition for post-conviction relief alleged, in relevant part, that his trial counsel was ineffective "by failing to take proper action to obtain discovery and/or exculpatory material from the State" and "by not seeking sanctions from the State regarding the use of evidence presented at trial." To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). The district court found that, "based on Lee's testimony and affidavits, the State disclosed additional video footage to defense counsel a few days prior to trial." The district court further found that "Lee also testified that he was informed the State was barred from using the evidence because of the late disclosure, but [his] counsel was free to introduce it at trial." The district court held that Lee failed to prove either *Strickland* prong. First, the district court concluded that Lee's trial counsel was not ineffective because "the State was sanctioned" and "was prohibited from using the video footage." Second, the district court concluded that "Lee was not

---

[2]    In both his opening brief and his reply brief, Lee quotes the district court's statement at the evidentiary hearing that it had "not read" the underlying criminal file that was the subject of the stipulated request for judicial notice, which request was made at the hearing in response to the district court's inquiry regarding exhibits. The district subsequently stated: "[W]e'll be out with a written decision on this motion, and we'll go from there. It gives me a chance to read through the entire criminal file. Because I can't in good conscience make a ruling one way or the other without having taken a look at that evidence."

4

prejudiced because the [trial court] allowed [trial] counsel to use the video footage if he chose to do so." Lee asserts that several of these factual findings were clearly erroneous.

Lee asserts that the evidence was not disclosed "a few days" before trial but, instead, a single day before. Lee is correct. The record on appeal contains a document attached to Lee's affidavit in support of his original petition for post-conviction relief. This document is a supplemental discovery response from the State in Lee's underlying criminal case, of which the district court took judicial notice. According to the discovery responses, the State sent "a copy of the supplemental report of [an officer] as well as a thumb drive containing" video footage. The State served this discovery response on February 26, 2018, one day before Lee's trial. In addition, Lee testified at the evidentiary hearing that the "supplementary report was delivered the day before the trial started." The record does not contain evidence contradicting the supplemental discovery response or Lee's testimony. Consequently, the finding that the State served its discovery responses "a few days" before trial is erroneous. This error, however, is harmless. Idaho Rule of Civil Procedure 61 provides that, at "every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." On appeal, parties must provide argument explaining how an alleged error or defect prejudiced their substantial rights. *See Cedillo v. Farmers Ins. Co.*, 163 Idaho 131, 136, 408 P.3d 886, 891 (2017) (declining to address appellant's discovery issues on appeal because appellant failed to support claims with argument demonstrating prejudice). On appeal, Lee advances no argument explaining how this error affected the district court's dismissal of his claim and, in any event, it is unclear how a change from "a few days" to a single day before trial would have impacted the district court's analysis. Notably, the district court did not list the length of time as factoring into its conclusions that Lee's trial counsel was not deficient and that Lee was not prejudiced. Thus, we disregard this error as harmless.

Lee also asserts the district court erred by finding that he "testified that he was informed the State was barred from using the evidence because of the late disclosure." Given the nature of the district court's finding--that Lee "testified" to a fact rather than a finding that the fact was established--the absent portions of the underlying criminal record do not preclude our consideration of this asserted error. In support of his contention, Lee notes the following dialogue from the evidentiary hearing:

[State]:        Would it surprise you to hear that [Lee's trial counsel] and [the State's counsel] had a conversation with the [trial] judge in chambers about the evidence that was late disclosed, and there was an agreement that we would proceed with the trial, but that the evidence would not be introduced by the State?

[Lee]:        That would surprise me, yes, because [trial counsel] didn't discuss that with me.

This dialogue does not support a finding that Lee testified that the State was barred from using the evidence but, as Lee notes, indicates he was unaware of any sanctions. In addition, a review of the record reveals that Lee never testified at the evidentiary hearing that the State was barred from using the evidence. Nevertheless, any error based on a contrary finding is harmless because Lee's claim fails on the prejudice prong of *Strickland*.

To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon v. State*, 114 Idaho 758, 761, 760 P.2d 1174, 1177 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). If Lee's trial counsel had sought sanctions, the best remedy he could have obtained was exclusion of the late-disclosed evidence from the State's case-in-chief and permission to use the evidence in his defense. Lee, however, presented no evidence that the State used the supplemental report or the video footage at trial. He also did not present evidence that he was prohibited from using these materials at trial. In short, Lee failed to show that the outcome of his trial would have been different if his counsel had sought and received sanctions against the State. Thus, even if his trial counsel was deficient by failing to seek sanctions, Lee has failed to show he was prejudiced by this failure, rendering any erroneous factual finding related to Lee's knowledge of sanctions harmless.

Finally, Lee asserts the district court erred by finding that he testified that his trial "counsel was free to introduce [the late-disclosed evidence] at trial." Relatedly, Lee asserts the district court erred by finding that "the [trial court] allowed [Lee's trial] counsel to use the video footage if he chose to do so," which appears to be premised on Lee's testimony. Lee asserts that "there was no evidence that the district court permitted [him] to use the video." We need not determine whether this factual finding was clearly erroneous because, as discussed above, Lee failed to present evidence that the State was allowed to use the late-disclosed evidence or that he was prohibited from using it in his defense. Thus, even if this finding is erroneous, it is harmless.

6

## IV.

## CONCLUSION

Lee has failed to show that any erroneous factual finding affected his substantial rights, and has failed to show the district court erred by granting the State's motion to dismiss his petition for post-conviction relief. Consequently, the judgment dismissing Lee's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.